SUPREME COURT.    Kings General Term, January, 1855.    *S. B. Strong, Rockwell* and *Dean,* Justices.

ERASTUS VAN ZANT pl'ff in error *vs.* THE PEOPLE def'ts in error.

It is not a misdemeanor, under the statute, for an innkeeper to sell spirituous liquors to be drank on the premises, on Sunday, to persons not lodgers or travelers.

This was a writ of error to the Court of Sessions of the county of Rockland.   The plaintiff in error was indicted in the Court of Sessions of Rockland county for a misdemeanor.   The first count of the indictment charged the keeping of a disorderly house.   The second and third counts charged that the plaintiff in error, being an innkeeper, sold strong and spirituous liquors to be drank in his inn, to persons not lodgers or travelers, against the form of the statute, &c.   The language of these counts is more particularly set forth in the opinion of the court. The plaintiff in error pleaded not guilty to the first count and demurred to the second and third counts, and the public prosecutor joined in demurrer.   The court below gave judgment against the plaintiff in error on the second and third counts.

*Andrew Fallon,* for plaintiff in error.

I.  Selling liquor on Sunday is not an indictable offence at common law, and is no where in the statute declared to be a misdemeanor.

II. The statute merely subjects the person offending against ts provisions to a penalty of two dollars and fifty cents, to be recovered by the overseers of the poor of the town where the act is committed. (2 *R. S.* p. 83, § 68, 4th ed.)

III. All business was lawful on Sunday at the common law, and all acts which are not prohibited by the statute, or forbidden by the common law, may lawfully be performed on that day. (*Boynton* v. *Paige,* 13 *Wend.* 430; *Story* v. *Elliot,* 8 *Cow.* 27; *Sayles* v. *Smith,* 12 *Wend.* 57; 7 *Barnwell & Cress.* 232.)

Van Zant *v.* The People.

IV. Wher? a new offence is created, the remedy prescribed by the statute must be pursued and no other. (*People* v. *Stevens,* 13 *Wend.* 341; *Clark* v. *Brown,* 18 *Wend.* 220; *Stafford* v. *Ingersoll,* 3 *Hill,* 38; *Renwick* v. *Morris,* 7 *Hill,* 576; *Almy* v. *Harris,* 5 *John.* 175.)

V. Where no penalty is imposed in the section of the statute prohibiting the doing of an act, nor in any other section or statute, the doing such act shall be deemed a misdemeanor. (2 *R. S.* 880, § 54, 4th ed.)

VI. There being a particular penalty prescribed for selling liquor on Sunday, and a particular remedy and method of proceeding pointed out in the section containing the prohibition, such method of proceeding must be pursued and no other. (1 *Russell on Crimes,* 50.)

*A. E. Suffern,* for defendant in error.

I. All disorderly inns or ale houses are public nuisances, and the keeping of such, when laid as a common nuisance, is an indictable offence at common law. (4 *Black. Com.* 167; *Hunter* v. *Com.,* 2 *Serg. & Raw.* 298.)

II. The selling of strong or spirituous liquor on Sunday in licensed inns or taverns, except in cases allowed by law, is, upon general principles, the subject of indictment at common law; in as much as it tends to a breach of the peace, disturbs public order, and is injurious to public morals. (1 *Russell on Crimes,* 46; 1 *Haw. P. C. c.* 5, § 1; 7 *Cowen,* 258, *People* v. *Smith.*)

III. The statute prescribing a penalty for selling strong or spirituous liquors on Sunday, except in the cases therein excepted, and the method of proceeding, does not create a new offence; and where a statute merely attaches a new penalty to that which was an indictable offence at common law, the prosecutor may pursue either remedy. (*Whart. Crim. Law,* 6; 3 *Hill,* 38.)

IV. The selling of strong and spirituous liquors on Sunday in a licensed inn or tavern, to others than those excepted by statute, constitutes or tends to constitute such house a disorderly house, and its keeper may be indicted for the misdemeanor; as such act from its nature prejudicially affects the proper observance of the sacred day, and the good order and morals of the community. (2 *Serg. & R.* 91; 1 *East P. C. c.* 1, § 1.)

V. Profanation of the Lord's day, or Sunday, is by a variety of statutes punishable, &c.; but it is also said to be indictable at common law, and there is a precedent of such an indictment against a butcher, in which he is charged to be a common sabbath breaker and profaner of the Lord's day, and for having, within certain times mentioned, kept public and open shop, and exposed meat to sale to divers persons unknown. (1 *East P. C. ch.* 3.)

DEAN, J.—The plaintiff in error, was indicted in the Rockland sessions, for keeping a disorderly house, and also for selling on Sunday, while a licensed inn keeper, strong and spirituous liquors to persons other than travelers or lodgers. To the count of the indictment charging the keeping of a disorderly house, he pleaded not guilty. To the other counts he demurred. The Court of Sessions held the counts, to which the demurrer was interposed, sufficient, and ordered judgment against the defendant, who brought a writ of error to this court. The first count demurred to is, that the said Erastus Vanzant being the keeper of an inn or tavern in said town of Ramapo, in the county of Rockland aforesaid, heretofore to wit: on Sunday the first day of May, in the year of our Lord 1853, and on divers Sundays between that day and the finding of this inquisition, and while the said Erastus Vanzant, was the keeper of such inn or tavern at Ramapo, willfully and unlawfully, and contrary to the provisions of the statute in such cases made and provided, did sell and dispose of strong and spirituous liquors to one Archibald Cooper, to be drank in the inn or tavern of the said Erastus Vanzant, the said Archibald

Van Zant *v*. The People.

Cooper then and there not being a lodger in such inn or tavern, and the said Archibald Cooper then and there not being a person actually traveling on said first day of May, and on the said divers other Sundays above mentioned, in the cases allowed by law; and other wrongs and misdemeanors then and there did, to the evil example of all others, in like cases offending against the form of the statute, in such case made and provided, and against the peace of the people of the state of New York, and their dignity."

The charge expressed in other language is that Vanzant being an innkeeper, sold on Sunday strong and spirituous liquors to Archibald Cooper, the said Cooper not being a traveler or lodger.

The second count is, " that the said Erastus Vanzant, being the keeper of an inn or tavern in the town of Ramapo aforesaid, heretofore to wit: on Sunday the first day of May, in the year of our Lord 1853, and on divers other Sundays between that day and the finding of this inquisition, and while the said Erastus Vanzant was the keeper of such inn or tavern at the said town of Ramapo, willfully and unlawfully, and contrary to the provisions of the statute, in such case made and provided, did sell and dispose of strong and spirituous liquors to divers persons, to the jurors unknown, to be drank in the inn or tavern of the said Erastus Vanzant, the said divers persons, to said jurors so unknown, then and there not being lodgers in such inn or tavern, and not being persons actually traveling on the said first day of May last aforesaid, and on the said divers other Sundays last aforesaid, in the cases allowed by law; and other wrongs and misdemeanors then and there did, to the evil example of all others, in like cases offending against the form of the statute, in such case made and provided, and against the peace of the people of the state of New York, and their dignity."

The charge here is that Vanzant, on different Sundays, sold strong and spirituous liquors to divers persons, other than lodgers and travelers.

Both counts contain the allegation that Vanzant was an innkeeper, also that he did these acts contrary to the provisions of the statute, that the liquors sold were to be drank in the tavern of Vanzant, and that the persons to whom they were sold were not lodgers or travelers. This raises the question whether for an innkeeper to sell liquors to be drank on the premises on Sunday, to persons other than those excepted in the statute, is a misdemeanor.

Title IX, part 1, chap. xx, of the R. S. entitled " of excise and the regulation of taverns and groceries," provides that " all offences against the provisions of this title, shall be deemed misdemeanors, punishable by fine and imprisonment." But in no part of this title is there any prohibition against selling on Sunday; on the contrary, the license by the words of the statute allows the innkeeper " to sell strong and spirituous liquors and wines, to be drank in his house," and contains no language excepting Sunday from the general operation of the license: by this title therefore, it is not a misdemeanor to sell on Sunday.

Article eighth, of title VIII, part 1, chap. xx, of the R. S., entitled " Of the better observance of Sunday," provides that " no keeper of an inn or tavern, or of any alehouse, or porterhouse, or grocery, nor any other person authorized to retail strong or spirituous liquors, shall, on Sunday, sell or dispose of any ale, porter, strong or spirituous liquors, excepting to lodgers in such inns or taverns, or to persons actually traveling on that day in the cases allowed by law. Every person offending against this provision, and being thereof duly convicted, shall forfeit the sum of two dollars and fifty cents." There is no part of the statute which makes a violation of this section a misdemeanor. The general provision in reference to violations of statutes is, " where the performance of any act is prohibited by any statute, and no penalty for the violation of such statute is imposed, either in the same section containing such prohibition or in any other section or statute, the doing such act shall be deemed a misdemeanor." The converse of this is equally true, that where there is a penalty provided for the violation of

Van Zant *v.* The People.

a statute, and neither that or any other statute declares it a misdemeanor, the party committing the violation is liable for the penalty only. A distinct penalty is provided for this offence; the mayor, recorder, or any alderman of a city, or a justice of the peace, may punish for all these violations, but no where by statute is the person offending against the provisions for the observance of Sunday declared guilty of a misdemeanor. As both these counts are clearly drawn for violations of the statute, I might leave this case here, but I have examined to ascertain whether at common law an innkeeper is indictable for selling liquor on Sunday, and am satisfied that the mere act of selling on Sunday, is no more an indictable offence than making a contract or selling a horse. But a person may do either, that is, he may dispose of horses or sell liquor,' in such a manner as to be guilty of a misdemeanor at common law.

The Sabbath is a recognized institution. Whatever openly violates its sanctity and interferes with its proper and orderly observance, is indictable. A case is reported where a butcher was indicted for commonly keeping open shop and exposing meat to sale on Sunday. If an innkeeper chooses so far to disregard the proprieties of the day, as commonly to keep his house open, and publicly sell spirituous liquors to persons other than travelers and lodgers, so that inhabitants of the neighborhood are by that means induced to frequent his house and habitually congregate there to drink on Sunday, he is indictable and deserves a punishment quite as severe as one who sells without a license. But as the two counts of the indictment under consideration are both drawn under the statute, and are without the necessary averments to make an offence at common law, the plaintiff in error is entitled to judgment.

S. B. STRONG, J.—The second and third counts of the indictment, to which a demurrer was interposed, and upon which the judgment of the court below against the defendant was rendered, were against a regularly licensed tavern keeper, for selling spirituous liquors on the sabbath, to persons other than actual travelers or lodgers. No statute declares this to be a

misdemeanor. The statute prohibiting it imposes a penalty of two dollars and fifty cents, and the statute declaring that the violations of statutory prohibitions shall be deemed misdemeanors, limits its application to cases where no penalty is imposed either in the same section containing the prohibition, or in any other section or statute. The maxim *inclusio unius est exclusio alterius* is peculiarly applicable to criminal cases. The judgment of the court below should be reversed.

Judgment reversed and judgment for plaintiff in error on demurrer.

---

SUPREME COURT. Erie General Term, February, 1855
*Bowen, Marvin* and *Green, Justices.*